Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4334 | **DATE** | 10/12/2010 |
| **CASE TITLE** | USA ex rel. Solomon Monroe vs. Zimmerman | | |

**DOCKET ENTRY TEXT**

As explained more fully below, petitioner Solomon Monroe's request for a certificate of appealability is denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    On August 18, 2010, this court denied petitioner Solomon Monroe's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a notice of appeal with the Seventh Circuit, and thus this court must determine whether Monroe is entitled to a certificate of appealability ("COA"). A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Before issuing a COA for claims decided on their merits, a district court must find that the issues the applicant wishes to raise are ones that are "debatable among jurists of reason" or that the questions "deserve encouragement to proceed further." *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997).

    Monroe indicates that he wishes to appeal all the issues he raised in his petition. First, with respect to claim III which the court dismissed for procedural default, the court declines to grant a COA. This claim was rejected by the state court because petitioner failed to object to the prosecutor's comments at trial and failed to identify them with the requisite specificity in his post-trial motion. Because this is an independent and adequate state law ground, the court found that it could not reach the claim due to procedural default. Having reviewed its opinion, the court cannot conclude that "jurists of reason" would find its procedural default analysis "debatable."

    However, the following claims were decided on the merits: (1) petitioner's statements to the police should have been suppressed (claim I); (2) petitioner claims he was not proven guilty beyond a reasonable doubt of murder based on accountability (claim II); and (3) ineffective assistance of counsel (claim IV).

| STATEMENT |
|---|
| Although the court is confident in its analysis, it nevertheless concludes that "jurists of reason" could find its conclusion "debatable," and finds that the arguments raised by petitioner in this claim are adequate "to deserve encouragement to proceed further." *Porter*, 112 F.3d at 1312. |